UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SARAH REINS,

    Plaintiff,

vs.                                    CASE NO.:

CYGNUS HOME SERVICE, LLC
d/b/a SCHWAN'S HOME SERVICE,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SARAH REINS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, CYGNUS HOME SERVICE, LLC d/b/a SCHWAN'S HOME SERVICE, ("Schwan's Home Service" or "Defendant") and in support thereof states as follows:

### INTRODUCTION

1.    This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA") to recover from Defendant front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

### PARTIES

2.    Defendant, Schwan's Home Service, is a Foreign Limited Liability Company.

3.    At all material times hereto, Defendant maintained an office in Marion County, Florida.

4. Plaintiff is an adult individual who resides in Marion County, Florida.

5. Plaintiff worked for Defendant from their office located at 13715 SE 31st Ave, Summerfield, FL 34491.

6. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

7. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII. Jurisdiction over state law claims arise under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district because, at all times material to this Complaint, Plaintiff worked for Defendant in Marion County, Florida, and illegal conduct complained of and the resultant injury occurred within the judicial district in and for Marion County, Florida.

## TITLE VII / FCRA STATUTORY PREREQUISITES

9. Plaintiff is a female "person" who suffered discrimination and a hostile work environment based on her gender. As such she is a member of a class of individuals protected by Title VII and the FCRA.

10. Plaintiff was qualified for her position of employment.

11. Plaintiff suffered an adverse effect upon her employment by being terminated by Defendant.

12. The motivating or determinative factor used by Defendant in the decision making process was Plaintiff raising a complaint about gender discrimination / sexually hostile work environment.

13. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

14. Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

16. On May 12, 2020, Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dual filed with the Florida Commission on Human Relations ("FCHR"), which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on September 21, 2020. Therefore this complaint is being filed within 90 days of Plaintiff receiving her right to sue letter.

17. Accordingly Plaintiff has completed all Title VII and FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

18. Plaintiff worked for Defendant from around April 10, 2019 through February 20, 2020 as a Route Sales Representative.

19. Throughout Plaintiff's employment she was an outstanding employee and never received a write-up or corrective action.

20. Around May 2019, Defendant promoted Thomas Costello who became Plaintiff's immediate supervisor.

21. From the start, Mr. Costello engaged in a pattern of inappropriate, harassing, and discriminatory conduct towards Plaintiff.

22. For example:

   a. Around May 2019 when Mr. Costello was first promoted he told Plaintiff that the depot planned to celebrate at a bar called "Bodyshots." When Plaintiff arrived she was the only one there and, unbeknownst to Plaintiff, it was not a bar but rather it was a strip club. Plaintiff left immediately.

   b. Around June 2019, Plaintiff was applying mascara and a coworker told her she did not need to wear makeup. Mr. Costello overhead this conversation and told Plaintiff's coworker, "shut up, she needs all the help she can get."

   c. Mr. Costello told Plaintiff on numerous occasions that she needed to have her hair and makeup done for work.

   d. Around October 30, 2019, Mr. Costello took an unflattering picture of Plaintiff on his cell phone without her consent. Plaintiff begged Mr. Costello to delete the picture but he refused. Later, he "photoshopped" the picture to make it appear sexual in nature (made it appear as if Plaintiff was making a sexual gesture) and posted it on the wall for all employees to see.

   e. Around October 31, 2019, Mr. Costello performed a "ride along" with Plaintiff. At one point during the ride along Mr. Costello got out of the car and asked Plaintiff if she wanted to go inside the depot and have "a quickie." Plaintiff refused. On the way home Plaintiff was flustered and ran a stop sign. Mr. Costello said he would have to write her up unless she "would like him to owe her a favor."

   f. Around December 2019, one of Plaintiff's coworkers told her Mr. Costello "wanted to get in her pants."

23. Things reached a boiling point in January 2020. Around January 15, 2020, Plaintiff came to work feeling sick and did not feel like she could safely operate her vehicle. She informed Mr. Costello she needed to go to the hospital. At the hospital she was diagnosed with strep throat. She was given a doctor's note indicating a return to work date of January 17, 2020.

24. With the intent of intimidating and harassing her, Mr. Costello perpetuated a rumor that Plaintiff was in the hospital due to a heart attack.

25. As a result of Mr. Costello spreading that rumor Plaintiff was not allowed to return to work until she underwent an EKG and was cleared by her doctor.

26. Plaintiff had enough of Mr. Costello's harassment and reported him. Specifically, on or about January 18 or 19, 2020, Plaintiff called Defendant's ethics hotline and informed Defendant she wanted to lodge a formal complaint of sexual harassment against Mr. Costello.

27. Plaintiff was finally cleared to return to work on February 11, 2020.

28. Despite her pending sexual harassment complaint, Defendant failed to take any corrective action and insisted Plaintiff continue reporting to Mr. Costello.

29. Nine days later, on February 11, 2020, Plaintiff was called into a meeting with Mr. Costello, Mark Wood, and Tarajee Simmons. Ms. Simmons told her she was terminated due to unexcused absences under Defendant's attendance policy and that Defendant was officially dropping her sexual harassment complaint because it had no merit.

30. Defendant's explanation for Plaintiff's termination is a pretext.

31. Plaintiff's coworkers who had chronic attendance issues were not fired or disciplined.

32. Defendant's termination is clearly in retaliation for Plaintiff making a complaint of sexual harassment against Mr. Costello.

33. Defendant's actions were willful and/or were in reckless disregard of the severity of violations of the law represented by the same.

34. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## GENDER DISCRIMINATION UNDER TITLE VII

35. Plaintiff re-alleges and re-adopt paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. This is an action against Defendant for discrimination based upon gender and sexual harassment brought under Title VII of the Civil Rights Act of 1964.

37. Plaintiff has been the victim of discrimination on the basis of her gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff s gender. During her employment with Defendant, Plaintiff was subjected to harassing comments and behavior by Mr. Costello, none of which were welcome. This harassment was frequent, severe and adversely affected Plaintiffs ability to perform her job duties.

38. Defendant is liable for the differential treatment and sexual harassment of Plaintiff and hostility towards her because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

39. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

40. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

41. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

42. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

43. The events set forth herein led, at least in part, to Plaintiff's termination.

44. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Title VII.

45. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages against Defendant.

## COUNT II
## GENDER DISCRIMINATION UNDER THE FCRA

46. Plaintiff re-alleges and re-adopt paragraphs 1 through 34 of this Complaint as if fully set forth herein.

47. This is an action against Defendant for discrimination based upon gender and sexual harassment brought under Chapter 760, Florida Statutes.

48. Plaintiff has been the victim of discrimination on the basis of her gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff s gender. During her employment with Defendant, Plaintiff was subjected to harassing comments and behavior by Mr. Costello, none of which were welcome. This harassment was frequent, severe and adversely affected Plaintiffs ability to perform her job duties.

49. Defendant is liable for the differential treatment and sexual harassment of Plaintiff and hostility towards her because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

50. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

51. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

52. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

53. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

54. The events set forth herein led, at least in part, to Plaintiff's termination.

55. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

56. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages against Defendant.

## COUNT III
## RETALIATION UNDER TITLE VII

57. Plaintiff re-alleges and re-adopts paragraphs 1 through 34 of this Complaint as if fully set forth herein.

58. Defendant is an employer as that term is used under the applicable statutes referenced above.

59. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her.

60. The foregoing unlawful actions by Defendant were purposeful.

61. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

62. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

63. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief and to punitive damages against Defendant.

## COUNT III
## RETALIATION UNDER THE FCRA

64. Plaintiff re-alleges and re-adopts paragraphs 1 through 34 of this Complaint as if fully set forth herein.

65. Defendant is an employer as that term is used under the applicable statutes referenced above.

66. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her.

67. The foregoing unlawful actions by Defendant were purposeful.

68. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

69. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

70. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the

enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief and to punitive damages against Defendant.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 13th day of November, 2020.

Respectfully submitted,

**/s/ JOLIE PAVLOS, ESQ.**
Jolie Pavlos, Esquire
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: jpavlos@forthepeople.com
xlezcanocaban@forthepeople.com
***Attorneys for Plaintiff***